SCHIFFMAN LAW OFFICE, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dawn Brown,<br><br>                                      Plaintiff,<br><br>vs.<br><br>Metropolitan Life Insurance Company;<br>American Airlines, Inc. Long Term<br>Disability Plan,<br><br>                                      Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Dawn Brown ("Brown") alleges as follows:

## JURISDICTION AND VENUE

1.      Brown is a resident of Maricopa County, Arizona.

2.      Defendant Metropolitan Life Insurance Company ("MetLife") is an insurance company incorporated in and has its principal place of business in New York, New York. MetLife is authorized to do business in Maricopa County, Arizona.

3.      American Airlines, Inc. Long Term Disability Plan ("Plan") is a purported ERISA benefit plan established and maintained by American Airlines to benefit its employees. The Plan includes long-term disability benefits ("LTD").

4.      American Airlines is the plan administrator and a plan fiduciary as those terms are defined by ERISA sections 29 U.S.C. § 1102(a)(2) (fiduciary) and 29 USC §1002(A)(16) (administrator).

5. According to ERISA 29 U.S.C. § 1132, this Court has jurisdiction over the Plan because the Plan and MetLife have caused events to occur in Arizona out of which Brown's claims arise.

6. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

7. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

8. American Airlines provided individual employees with LTD benefits according to the Plan.

9. MetLife is the Claim Administrator and is a Plan Fiduciary for the Plan as ERISA defines those terms.

10. Under the terms of the Plan, Brown is entitled to benefits during the elimination period and the first 24 months if she is not employed in any job for wage or profit and cannot perform the major and substantial duties of her occupation because of sickness or accidental bodily injury.

11. The Plan definition of disability changes after 24 months. To continue to receive benefits, Brown cannot be gainfully employed in any job and cannot perform the major and substantial duties of any occupation or employment for wage or profit that she has become reasonably qualified by training, education or experience.

12. At all relevant times, Brown was an American Airlines employee, became a covered individual under the Plan, and remained continuously employed until her disability rendered him unable to work in her regular occupation as a Senior Analyst-Revenue Accounting on June 12, 2017.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12ᵗʰ STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

13.     The material and substantial duties of Brown's occupation that she was unable to perform, include, but are not limited to:

- Ability to work a regular, 40-hour workweek, without the need for at least one or more absences a month;
- Ability to function in a workplace after any type of physical exertion, even something as simple as unloading a dishwasher can cause post-exertional malaise;
- Ability to work on multiple work projects and meet deadlines due to cognitive impairment;
- Ability to sit for more than one hour at a time for more than two hours total per day;
- Focusing and concentrating on complex tasks due to constant pain.

14.     Brown was diagnosed with Myalgic Encephalomyelitis/Chronic Fatigue Syndrome ("ME/CFS") in October 2017, with severe symptoms dating back to May 2017.

15.     Brown became disabled on June 12, 2017, and remains disabled under the terms of the Plan. Brown is unable to do any occupation for which she is qualified based on education, training, or experience where she could earn 66.67% of her pre-disability earnings.

16.     MetLife denied Brown's claim the first time on January 24, 2018.

17.     Brown submitted her appeal of the initial denial on August 6, 2018.

18.     MetLife reversed its denial on September 28, 2018, and began paying benefits effective December 16, 2017.

19.     MetLife's September 28, 2018 letter advised Brown, however, that it would only pay her benefits for 24 months because her claim was subject to the Plan's limited disability benefit because she was disabled by a "neuromuscular, musculoskeletal, or soft tissue illness."

-3-

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12ᵀᴴ STREET
PHOENIX, AZ 85014 ● (602) 266-2667

20.     The Plan defines "neuromuscular, musculoskeletal, or soft tissue illness" to include any disease, injury or disorder of the spine, the vertebra(ae), their supporting structures, muscles and/or soft tissue; bones, nerves, supporting body structures, muscles and/or soft tissue of all joints, extremities and/or major body complexes of movement; sprains/strains of all joints and muscles. This 24-month maximum benefit does not apply to claimants that have documented objective clinical evidence of:

- Seropositive arthritis (inflammatory disease of the joints), supported by clinical findings of arthritis and positive serological tests for connective tissue disease;

- Spinal (referring to the bony spine and/or spinal cord tumor(s) – abnormal growths – whether benign or malignant), malignancy or vascular malformations (abnormal development of blood vessels);

- Radiculopathies (disease of the peripheral nerve roots) supported by objective clinical evidence of nerve pathology;

- Myelopathies (disease of the spinal cord and/or nerves) supported by objective clinical evidence of spinal cord/nerve pathology;

- Traumatic spinal cord necrosis (injury or disease of the spinal cord) resulting from a traumatic injury with paralysis; or

- Musculopathies (disease of the muscle/muscle fibers) supported by objective pathological evidence on a muscle biopsy or electromyography.

- Disabilities caused by the aforementioned conditions – provided objective evidence confirms the diagnosis – will not be subject to the 24-month limitation but will be benefited according to all other applicable LTD Plan provisions.

- The Plan Administrator in its sole discretion shall determine whether any exclusion or limitation applies.

21.     The medical community does not consider ME/CFS a neuromuscular, musculoskeletal or soft tissue disorder. It is categorized as an autoimmune disorder. MetLife

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ● (602) 266-2667

offers employers benefit plans that specifically identify ME/CFS as a disorder subject to a limited disability benefit period. The American Airlines Plan does not.

22.     On June 12, 2019, Brown asked MetLife to provide any information it relied on to support its contention that her claim was subject to the neuromuscular, musculoskeletal and soft tissue disorders limited disability exclusion.

23.     MetLife provided no documentation regarding the Plan's LBP exclusion despite two requests from Brown.

24.     MetLife terminated Dawn's claim on November 25, 2019, with an effective termination of December 15, 2019.

25.     MetLife admits that Dawn is disabled due to ME/CFS; however, MetLife insists that ME/CFS is a condition that falls under its neuromuscular, musculoskeletal and/or soft tissue disorders exclusion.

26.     Brown appealed MetLife's decision on June 1, 2020.

27.     MetLife denied Brown's appeal on June 15, 2020 and provided an additional level of appeal.

28.     MetLife provided conflicting information regarding whether a second appeal was voluntary or mandatory under the Plan.

29.     Brown submitted a second appeal on November 23, 2020.

30.     MetLife's denial letters do not contain the requisite ERISA language regarding the deadline to bring a civil action against MetLife or the Plan. Likewise, the Plan documents provided by American Airlines and MetLife do not contain this information.

31.     Brown is entitled to a monthly LTD disability benefit of $4,776.58 from December 16, 2019.

32.     Brown provided proof of her debilitating medical conditions. Brown also provided MetLife with completed attending physician statements, a Cardiopulmonary Exercise Test ("CPET"), Chronic Fatigue Syndrome Medical Source Statement, and substantial medical records, all establishing the physical nature of her disability.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12ᵀᴴ STREET
PHOENIX, AZ 85014 ◆ (602) 266-2667

33.     MetLife had Brown's claim evaluated by two peer-reviewing physicians for the November 25, 2019 termination of her claim. The first peer reviewer, David Burke, M.D. agreed that Brown is disabled in his September 16, 2019 report and stated, "Yes, the medical documentation supports functional limitations from 8/16/19 through the present and beyond." Dr. Burke identifies Brown is also unable to sit for more than one hour at a time for a total of only two hours per day.

34.     MetLife's peer reviewer agrees that Brown is disabled under the Plan's any occupation definition of disability.

35.     On information and belief, Brown has satisfied the jurisdictional prerequisites to filing a claim in federal court because she completed the single mandatory level of appeal.

## COUNT I
## RECOVERY OF INSURANCE AND PLAN BENEFITS

36.     Brown incorporates and realleges all previous allegations.

37.     The Plan contains some language purporting to grant MetLife discretion and to give MetLife the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid, and Brown is entitled to de novo review.

38.     Brown became disabled on June 12, 2017, and remains unable to be gainfully employed in any job for any employer. She cannot perform the major and substantial duties of any occupation or employment for wage or provide for which she is or has become reasonably qualified by training, education, or experience.

39.     Despite the coverage of Brown's long-term disability, MetLife terminated LTD benefits after paying Brown for two years because it wrongfully categorized ME/CFS as a neuromuscular, musculoskeletal and/or soft tissue disorder. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

40.     According to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Brown is entitled to

-6-

recover all benefits due under the terms of the Plan, and to enforce her rights under the terms of the Plan.

41.     Under 29 U.S.C. § 1132(g), Brown is entitled to recover her attorneys' fees and costs incurred herein from Defendants.

42.     Brown is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Brown prays for entry of judgment against Defendants as follows:

A.     For all past benefits due Brown under the terms of the Plan;

B.     For an award of Brown's attorneys' fees and costs incurred herein;

C.     For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D.     For such other and further relief as the Court deems just and reasonable.

Dated this 24th day of November 2020

SCHIFFMAN LAW OFFICE, P.C.


By: *s/ Lisa J. Counters*
      Lisa J. Counters

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12ᵗʰ STREET
PHOENIX, AZ 85014 ◆ (602) 266-2667

-7-